UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GROYETO REPUYAN CUSTODIO,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>Defendant. | No. 2:23-cv-00307 AC<br><br>**ORDER** |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1]  For the reasons that follow, plaintiff's motion for summary judgment will be GRANTED, and defendant's cross-motion for summary judgment will be DENIED.  The matter will be reversed and remanded to the Commissioner for further proceedings.

I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB on August 7, 2020.  Administrative Record ("AR") 171-72.[2]  The

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).
[2] The AR is electronically filed at ECF No. 10.

1

disability onset date was alleged to be December 19, 2019.  Id.  The application was disapproved initially and on reconsideration.  AR 62-86.  On September 28, 2021, ALJ Vincent Misenti presided over the hearing on plaintiff's challenge to the disapprovals.  AR 35-49 (transcript).  Plaintiff, who appeared with counsel Jonathan Pena, was present at the hearing.  AR 35-36.  Joseph Torres, a Vocational Expert ("VE"), also testified at the hearing.  Id.

On October 27, 2021, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d).  AR 21-30 (decision), 31-34 (exhibit list).  On August 26, 2022, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security.  AR 7-9 (decision and additional exhibit list).  Plaintiff filed this action on February 17, 2023.  ECF No. 1; see 42 U.S.C. § 405(g).  The parties consented to the jurisdiction of the magistrate judge.  ECF No. 9.  The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed.  ECF Nos. 13 (plaintiff's summary judgment motion), 15 (Commissioner's summary judgment motion).

## II.  FACTUAL BACKGROUND

Plaintiff was born on in 1968, and accordingly was, at age 52, a person closely approaching advanced age under the regulations, at the alleged disability onset date.[3]  AR 50.  Plaintiff alleged disability due to upper GI bleeding; regurgitation; chronic kidney disease; heart problem; high blood pressure; gout, non-rheumatoid regurgitation, and kidney failure.  Id.  Plaintiff has a high school education from the Philippines, and speaks some English, though he used an interpreter at his disability hearing.  AR 37-38.  Plaintiff has past relevant work as an automobile detailer.  AR 46.

## III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards."  Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'"  Andrews

---

[3]  See 20 C.F.R. § 404.1563(d) ("person closely approaching advanced age").

1 v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

2 Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled."  42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI).  Plaintiff is "disabled" if he is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'"  Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or

disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5.  However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2024 (Exhibits 5D; 9D).
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since December 19, 2019, the alleged onset date (20 CFR 404.1571 et seq.) (Exhibits 2D-9D).
>
> 3. [Step 2] The claimant has the following severe impairments: chronic kidney disease; chronic venous insufficiency; and valvular heart disease (20 CFR 404.1520(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404,  Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can never climb ladders or scaffolds.  He can occasionally balance, stoop, kneel, crouch, crawl and climb ramps and stairs. The claimant can never work at unprotected heights. He should avoid concentrated exposure to moving mechanical parts.
>
> 6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565).
>
> 7. [Step 5] The claimant was born [in 1968] and was 51 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563).
>
> 8. [Step 5, continued] The claimant has at least a high school education (20 CFR 404.1564).
>
> 9. [Step 5, continued] Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568).
>
> 10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are job that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 19, 2019, through the date of this decision (20 CFR 404.1520(g)).

AR 23-30. As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the Act. AR 30.

## VI.  ANALYSIS

Plaintiff alleges that the ALJ erred by failing (1) failing to include work-related limitations in the RFC consistent with the nature and intensity of plaintiff's limitations, and (2) failing to offer legitimate reasons for rejecting plaintiff's subjective testimony.  ECF No. 13 at 3.

### A.  The ALJ Improperly Rejected Plaintiff's Subjective Testimony

Plaintiff argues the ALJ improperly discredited his symptom testimony by mischaracterizing the medical evidence, particularly as related to plaintiff's kidney function. Evaluating the credibility of a plaintiff's subjective testimony is a two-step process.  First, the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. . . .  In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom."  Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted).  Objective medical evidence of the pain or fatigue itself is not required.  Id. (internal citations omitted).  Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering "specific, clear and convincing reasons for doing so."  Id. (internal citations omitted).  The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day."  Id. at 1016.

Here, plaintiff reported that he was unable to work because he had a fast heartbeat and weak kidney function, which made him tired.  AR 25, 41.  He testified that he had shortness of breath, sometimes four days a week.  Id.  Though he testified further that though he was not yet

receiving dialysis, plaintiff said that he was taking medications for his kidney disease. AR 25, 42. Plaintiff testified that he could lift three pounds, sit for about 20 minutes, stand or about 15 minutes, and walk up to one block. AR 25, 43. Plaintiff testified that he could do minimal household chores including wash dishes, sweep, and cook, and he could do laundry with a friend. Id. Plaintiff testified that he rested eight hours during the day. AR 25, 45.

The ALJ found that while the medically determinable impairments could reasonably be expected to cause the alleged symptoms, the statements concerning intensity, persistence, and limiting effects of the symptoms was not entirely consistent with the medical record, which reflects mild findings and improvement of symptoms with treatment. AR 25. With respect to plaintiff's kidney disease, the ALJ noted that "[i]n preparation for dialysis, the claimant underwent an arteriovenous fistula utilizing the cephalic vein in the left arm." AR 25, 524. The ALJ stated that the records indicated that while plaintiff's creatinine levels remained elevated, they continued to decrease. AR 25 (citing AR 540, 693, 696, 783).

The court agrees with plaintiff that these records are mischaracterized as demonstrating improvement and stability. For example, where the ALJ states that "treatment notes indicated that there was no need for renal replacement therapy at this point of time" (AR 25), the record cited reads "No need for emergent renal replacement therapy at this time *but patient will need in the near future*." AR 540 (emphasis added). The records also show that plaintiff's kidney levels continued to rise overall, not fall as the ALJ indicates. Prior to the alleged onset date, in September 2019, plaintiff's creatine level was 3.7, in January 2020 it was 3.8, in September 2020 it was 4.4, in November 2020 it was 5.0 and in December 2020, in was 4.6. AR 540. While an ALJ may rely on medical records to discredit a plaintiff's testimony, the ALJ's rationale necessarily lacks the power to convince when the medical records are not accurately reflected by the ALJ's summary of them. See Smartt v. Kijakazi, 53 F.4th 489, 499 (9th Cir. 2022).

The ALJ also referenced plaintiff's activities of daily living as a basis for discrediting his subjective testimony. Specifically, the ALJ cited plaintiff's activities of taking the bus, riding his bike to get groceries, shopping three times per week, performing chores and going to the park with friends. AR 26. The court agrees with plaintiff that the ALJ failed to explain how the ability

to perform such activities equates to the ability to perform light work, or even sedentary work. The Ninth Circuit has held that "if a claimant 'is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations." Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) (alteration in original) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).  However, "[o]ne does not need to be 'utterly incapacitated' in order to be disabled." Id. (quoting Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)) (finding that activities such as walking in the mall and swimming are not necessarily transferable to the work setting regarding the impact of pain as a claimant may do these activities despite pain for therapeutic reasons). Here, the ALJ provides no explanation as to how plaintiff's very minimal activities transfer to an ability to sustain even sedentary employment. Thus, the ALJ failed to support his decision to discredit plaintiff's subjective testimony on this basis. Because the ALJ did not provide clear and convincing reasons for discrediting plaintiff's subjective testimony, remand is necessary.

      B.   The ALJ's Unexplained Failur to Include Leg Elevation Limitations in the RFC

Plaintiff makes an argument embedded within his argument regarding the subjective testimony, but which is somewhat distinct: that the ALJ erred by failing to address plaintiff's allegations and documented need for leg elevation in the RFC. ECF No. 13 at 13-14. Specifically, "Plaintiff asserts that the ALJ failed to provide any rationale for rejecting Plaintiff's symptoms as they pertain to the venous insufficiency and need to elevate the legs, contrary to law." ECF No. 13 at 13. However, plaintiff does not cite to any specific statements in the record in which he spoke clearly to the need to elevate his legs or to symptoms related to his venous insufficiency. Id. A review of plaintiff's hearing testimony reveals no allegations regarding the need for leg elevation. AR 39-45. The court finds the argument underdeveloped and not indicative of error.

      C.  Remand

The undersigned agrees with plaintiff that the ALJ's error in rejecting his subjective testimony regarding his limitations related to kidney disease is harmful and remand for further

8

proceedings by the Commissioner is necessary.  An error is harmful when it has some consequence on the ultimate non-disability determination.  Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006).  The ALJ's error in this matter was harmful; plaintiff's subjective testimony, properly considered, may very well result in a more restrictive residual functional capacity assessment, which may in turn alter the finding of non-disability.

It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether he is disabled under the Act.  See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court").  "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).  Here, the ALJ failed to properly consider plaintiff's testimony regarding his limitations related to his kidney disease.  Further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 15), is DENIED;

3. This matter is REMANDED to the Commissioner for further consideration consistent with this order; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: February 20, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE